Argued and submitted December 4, 2020, affirmed May 12, petition for review denied October 14, 2021 (368 Or 637)

ALLEN TYRONE REED,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
17CV13538; A170318

488 P3d 824

Petitioner sought post-conviction relief, alleging that he received inadequate and ineffective assistance of counsel at trial. The post-conviction court denied relief on all claims. On appeal, petitioner assigns error as to the denial of relief on four claims, including a claim that counsel provided inadequate and ineffective assistance by not objecting and moving for a mistrial when the prosecutor said during closing argument that petitioner had "lots" of convictions for domestic-violence assault, where the evidence was that he had only one such conviction. *Held*: The post-conviction court did not err in denying relief. Although the prosecutor misstated the evidence, it was reasonable for petitioner's counsel not to object under the circumstances, particularly because the trial court had already instructed the jury twice that the lawyers' statements were not evidence, including telling the jury immediately prior to closing statements, "The lawyers' statements and arguments are not evidence. If your recollection of the evidence is different from the lawyers' recollection, you must rely on your own memory."

Affirmed.

Dale Penn, Senior Judge.

Lindsey Burrows argued the cause for appellant. Also on the brief was O'Connor Weber LLC.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Petitioner seeks post-conviction relief, asserting that he received inadequate and ineffective assistance of counsel at trial. The post-conviction court denied relief on all of petitioner's claims. On appeal, petitioner assigns error to the denial of Claim 2, regarding counsel not exercising a peremptory challenge as to a particular juror; Claim 6(e), regarding counsel not objecting and moving for a mistrial in response to a statement by the prosecutor during closing argument; Claim 7, regarding counsel not requesting mental-state jury instructions on forcible compulsion; and Claim 8, regarding cumulative error. We reject petitioner's arguments regarding Claims 2, 7, and 8 without discussion, writing only to address Claim 6(e). For the following reasons, we affirm.

## FACTS

Petitioner was tried on charges of second-degree kidnapping, first-degree rape, first-degree sexual abuse, first-degree sodomy, second-degree sexual abuse, coercion, first-degree theft, and felon in possession of a firearm. The kidnapping, coercion, and sexual charges involved crimes against petitioner's girlfriend, Y, while the theft and firearm charges related to the theft of a rifle.

The evidence of the actual crimes is not material to our discussion. What is material is that petitioner testified in his own defense at trial and, on cross-examination, admitted to having numerous prior criminal convictions. Many involved dishonesty, and one involved prior domestic violence. Specifically, petitioner testified to having two identity-theft convictions, four theft convictions, one forgery conviction, two failure-to-appear convictions, one giving-false-information-to-a-police-officer conviction, and one fourth-degree-assault-constituting-domestic-violence conviction.

In closing argument, the prosecutor walked through each of the current charges. She then addressed petitioner's and Y's relative credibility, arguing that Y was more credible than petitioner. She told the jury that every person is "presumed to tell the truth" and takes an oath to tell the truth but that the jury could consider many things in

assessing a witness's credibility, including the manner of the witness's testimony, the nature and quality of the witness's testimony, contradictory evidence, evidence of the witness's bias, motives, or interests, evidence of the witness's character for truthfulness, "and evidence that the witness has been convicted of a prior crime." The prosecutor then attacked petitioner's credibility, pointing out certain aspects of his demeanor on the stand, and finishing by saying,

> "Not only was his testimony about as incredible as you can get, to top off, you certainly have the evidence that he's a convicted liar, essentially. He's been convicted numerous times of crimes of dishonesty. And I would submit to you that he was entirely dishonest on the stand. He has lots of convictions for domestic violence assault."

The prosecutor then turned to Y's testimony, comparing and contrasting it with petitioner's testimony, and arguing why the jury should view Y as more credible.

The jury ultimately found petitioner guilty on all charges.

Petitioner filed a petition for post-conviction relief, which he later amended. In his amended petition, petitioner asserts eight claims based on inadequate and ineffective assistance of trial counsel. In Claim 6, petitioner identifies 11 statements made by the prosecutor in closing argument that he views as improper in one way or another. Claim 6(e) pertains to a statement quoted above: "He has lots of convictions for domestic violence assault." As to that statement, the petition alleges that the prosecutor made a "purposeful mischaracterization of the evidence to suggest [that petitioner] had a propensity to commit acts of domestic violence." As with all of the statements identified in Claim 6, the petition alleges that petitioner's trial counsel should have objected, moved to strike, asked the trial court to admonish the prosecutor, sought a curative instruction, and moved for a mistrial.

The post-conviction court denied relief on all claims. On Claim 6, the court called out Claim 6(e) as the one where it would agree that the prosecutor made a factual error in describing the evidence regarding petitioner's

prior convictions. However, the court noted that it was a brief statement in a long argument, viewed it as reasonable for petitioner's counsel not to object, and viewed the lack of objection as not prejudicing petitioner. The court reasoned that, if counsel had objected, the most that would have happened would have been the trial court reminding the jury that the lawyers' statements were not evidence. The trial court had already instructed the jury twice on that point. At the beginning of trial, it had instructed the jury that "opening statements and closing arguments are intended to assist you in understanding the evidence and applying the law to that evidence" but "are not evidence." Then, at the close of evidence, immediately before the lawyers' closing arguments, it gave final instructions to the jury, including: "The lawyers' statements and arguments are not evidence. If your recollection of the evidence is different from the lawyers' recollection, you must rely on your own memory."

## ANALYSIS

"Post-conviction relief is warranted when there has been a 'substantial denial' of a petitioner's 'rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.'" *Green v. Franke*, 357 Or 301, 311, 350 P3d 188 (2015) (quoting ORS 138.530(1)(a)). On review, we are bound by the post-conviction court's factual findings if supported by the record, and we review the post-conviction court's legal conclusions for errors of law. *Horn v. Hill*, 180 Or App 139, 141, 41 P3d 1127 (2002).

Under Article I, section 11, of the Oregon Constitution, a criminal defendant has the right to adequate assistance of counsel. *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981). To succeed on a post-conviction claim based on that right, "a petitioner must establish, by a preponderance of the evidence, that defense counsel failed to exercise reasonable professional skill and judgment and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Delgado-Juarez v. Cain*, 307 Or App 83, 90-91, 475 P3d 883 (2020) (internal quotation marks omitted).

On review of the denial of such a claim, we generally conduct a two-step inquiry. First, we determine whether the

petitioner demonstrated by a preponderance of the evidence that the lawyer failed to exercise reasonable professional skill and judgment. *Montez v. Czerniak*, 355 Or 1, 7, 322 P3d 487, *adh'd to on recons*, 355 Or 598, 330 P3d 595 (2014). We look to whether all reasonable lawyers would have acted as the petitioner claims the lawyer should have. *Maney v. Angelozzi*, 285 Or App 596, 608, 397 P3d 567 (2017); *Pachl v. Zenon*, 145 Or App 350, 360, 929 P2d 1088 (1996), *rev den*, 325 Or 621 (1997). We make that evaluation from the lawyer's perspective at the time, "without the distorting effects of hindsight," and will not second-guess a lawyer's tactical decisions unless they reflect an absence or suspension of skill or judgment. *Montez*, 355 Or at 7. If we ultimately conclude that the lawyer provided inadequate assistance, then, second, we determine whether the petitioner proved that it tended to affect the result of the trial. *Id.* There must be more than a mere possibility that it affected the outcome, but it need not be a probability. *Green*, 357 Or at 322. We do not weigh the evidence but, rather, make a legal conclusion about the likely effect of the inadequate assistance on the verdict. *State v. Mitchell*, 300 Or App 504, 515, 515 n 6, 454 P3d 805 (2019).

A defendant also has the right to reasonably effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984). To succeed on a post-conviction claim under the Sixth Amendment, the petitioner must show that the lawyer's performance was deficient and that the deficiency was so serious as to deprive the petitioner of a fair trial. *Id.* We do not rely on hindsight in assessing deficiency but, rather, must endeavor to reconstruct the circumstances at the time of trial and evaluate the lawyer's conduct from that perspective. *Id.* at 689.

The state and federal standards are "functionally equivalent," *Montez*, 355 Or at 6-7. We limit our written discussion to Article I, section 11, but we reach the same result on the federal constitutional claim, applying the Sixth Amendment standard. *See id.* at 6 (noting that we interpret and apply the state and federal standards independently of one another).

With the applicable standards in mind, we turn to Claim 6(e), regarding the prosecutor's statement in closing that petitioner "has lots of convictions for domestic violence assault." The post-conviction court acknowledged that, when the prosecutor said that, she misstated the evidence regarding petitioner's prior convictions. The court concluded, however, that it was reasonable for petitioner's trial counsel not to object under the circumstances. Addressing Claim 6 generally, the court recognized that there are strategic reasons to minimize objections during closing argument. As to the statement in Claim 6(e) in particular, the court further reasoned that, had petitioner successfully objected, all that the trial court would have done was instruct the jurors to rely on the actual evidence, rather than statements by the attorneys, which are not evidence—an instruction that the trial court had already given twice. For the same reason, the post-conviction court viewed the lack of an objection as not prejudicing petitioner.

Petitioner argues that the post-conviction court "correctly determined that portions of the prosecutor's closing argument were objectionable, but it erred by denying relief based on its determination that any objection would have been sustained." Petitioner argues that the post-conviction court's reasoning is flawed, because, "[i]f the trial court had sustained the objection to the improper argument, petitioner would have had a meritorious issue for direct appeal." By failing to object, petitioner argues, trial counsel constrained appellate counsel's ability to pursue the issue on direct appeal.

We are confused by that argument. If petitioner's trial counsel had objected to the misstatement of the evidence, and the trial court *sustained* the objection (as petitioner posits), there would not have been an issue for direct appeal. Rather, as the post-conviction court noted, the trial court would have reminded the jurors to rely on the actual evidence, not the lawyer's statements—which it had already instructed the jury twice—and that would have been the end of it. We agree with the post-conviction court that petitioner would not have been entitled to a mistrial (and, relatedly, that it was not inadequate assistance for petitioner's trial counsel not to move for a mistrial). Conversely, if

the trial court had entirely *denied* the objection, which seems unlikely,[1] petitioner could have challenged that ruling on direct appeal, but the error would almost certainly have been deemed harmless, due to the jury instructions already given. *See, e.g.*, *State v. Rosenbohm*, 237 Or App 646, 651, 241 P3d 344 (2010) (stating that "the jury instructions were adequate to cure any prejudice caused by the prosecutor's misstatement" and that, "to the extent that the prosecutor's statements were different from the evidence presented at trial, we presume that the jurors relied on their own memory of the evidence").

We are therefore unpersuaded by petitioner's argument and conclude that the post-conviction court did not err in rejecting Claim 6(e). Had petitioner's counsel objected when the prosecutor misstated that petitioner had "lots" of prior convictions for domestic violence assault—when the evidence was that he had one such conviction—the trial court presumably would have sustained the objection. However, the objection and the state's response likely would have had the effect of highlighting petitioner's criminal history. Meanwhile, upon sustaining the objection, the trial court would have reiterated the same instruction that it had already given twice, including immediately before closing arguments. Under the circumstances, it was reasonable for petitioner's counsel not to object, and, in any event, petitioner suffered no prejudice from the lack of objection given the existing jury instructions. *See Grant v. Coursey*, 277 Or App 165, 178-79, 181, 370 P3d 892, *rev den*, 360 Or 235 (2016) (recognizing that it is improper for a lawyer to make a factual assertion during closing argument that is unsupported by the evidence, but a jury instruction normally "is adequate to cure any prejudice caused by a prosecutor's misstatement," and holding that the petitioner was

---

[1] *See State v. Morehead*, 307 Or App 442, 449, 477 P3d 462 (2020) (recognizing the "absolute prohibition against referring to facts not in evidence" and stating that "a trial court's decision to allow a party to make a closing argument that is based on facts not in evidence (by overruling a proper objection) can at least generally be said to flow from a mistaken legal premise—*i.e.*, that such an argument can sometimes be permissible"—such that "a trial court generally abuses its discretion when it overrules a founded objection to a closing argument that refers to facts not in evidence"); *Grant v. Coursey*, 277 Or App 165, 178, 370 P3d 892, *rev den*, 360 Or 235 (2016) ("It is improper for counsel to make factual assertions during closing argument that find no support in the record.").

not prejudiced where "an objection to the prosecutor's mischaracterization would have yielded the same instruction that the jury had already heard multiple times" (internal quotation marks omitted)).

Although that resolves the issue before us, we pause to address a related matter to which petitioner alludes. In Claim 6(e) of the petition, petitioner challenged two aspects of the prosecutor's statement about petitioner's prior convictions—that it was factually inaccurate, and that it was meant "to suggest [that petitioner] had a propensity to commit acts of domestic violence." As we understand the petition, petitioner claims that his trial counsel should have *both* objected to the factual inaccuracy in the prosecutor's statement *and* requested an instruction that the jury not use petitioner's single domestic-violence assault conviction "as evidence of his propensity to commit acts of domestic violence." The post-conviction court focused on the former aspect of the claim, as do the parties in their briefs on appeal, and we have already explained why the post-conviction court did not err in denying Claim 6(e) as it pertains to petitioner's trial counsel not objecting to the factual inaccuracy in the prosecutor's statement.

As for counsel not requesting a jury instruction not to consider petitioner's single assault conviction as propensity evidence, petitioner alludes to that issue in his opening brief, summarily asserting that the prosecutor had a propensity purpose. The state responds in a footnote that it is unlikely that reasonable defense counsel would have understood it that way, given the admissibility of the assault conviction for credibility purposes under OEC 609. *See* OEC 609(2)(a) (providing that, when a defendant is charged with certain crimes and the defendant is a witness, evidence that the defendant has been convicted previously of certain crimes against a family or household member, including fourth-degree assault, is admissible "for the purpose of attacking the credibility of the defendant"). Consistent with the state's argument, we note that, in closing, before making the challenged statement, the prosecutor had introduced the issue of petitioner's prior convictions as going to his credibility. Based on the arguments made, we are unpersuaded

that the post-conviction court erred with respect to the propensity aspect of Claim 6(e) or that all constitutionally adequate counsel would have requested a propensity instruction under these circumstances.

Accordingly, we hold that the post-conviction court did not err by denying petitioner's claims for post-conviction relief.

Affirmed.