No. 789 October 30, 2024 805

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Allen A. LANE,
*Petitioner-Appellant,*

*v.*

James HANLEY,
Acting Superintendent,
South Fork Forest Camp,
*Defendant-Respondent.*

Tillamook County Circuit Court
21CV16123; A179931

Jonathan R. Hill, Judge.

Submitted April 12, 2024.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Petitioner challenges the denial of his petition for post-conviction relief, alleging the ineffective assistance of counsel at sentencing after he pleaded guilty to unlawful use of a weapon (UUW) and fourth-degree assault. He raises one assignment of error, which consists of two arguments related to his sentence for the UUW conviction. We address petitioner's two arguments in turn: first, that effective counsel would have made a tiered sentencing argument, and second, that effective counsel would have made a stronger mitigation argument by reminding the court of petitioner's statement of remorse that had been made at a prior hearing. Because the record demonstrates that counsel made a reasonable strategic decision when presenting his sentencing argument to the court, and was thus not ineffective, we affirm.

We review the post-conviction court's denial of relief for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them. *Id.* If the post-conviction court failed to make findings of fact on all the issues and the facts could have been decided more than one way, we will presume that the facts were decided consistently with the post-conviction court's conclusions of law. *Id.*

In evaluating whether a criminal defense lawyer has provided constitutionally inadequate assistance of counsel, we ordinarily take a two-pronged approach:

> First, we must determine whether [the] petitioner demonstrated by a preponderance of the evidence that his or her counsel failed to exercise reasonable professional skill and judgment. Second, if we conclude that [the] petitioner met that burden, we further must determine whether he proved that counsel's failure had a tendency to affect the result of this trial.

*Id.* (brackets and internal quotation marks omitted).

In assessing the first prong—whether counsel failed to exercise reasonable professional skill and judgment—we "look to whether all reasonable lawyers would have acted

as the petitioner claims the lawyer should have." *Reed v. Kelly*, 311 Or App 397, 401, 488 P3d 824, *rev den*, 368 Or 637 (2021). A criminal defendant is constitutionally guaranteed the effective assistance of counsel. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). "[I]f counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution, but neither will the court ignore decisions made in the conduct of the defense which reflect an absence or suspension of professional skill and judgment." *Krummacher v. Gierloff*, 290 Or 867, 875-76, 627 P2d 458 (1981); *see Lichau v. Baldwin*, 333 Or 350, 360, 39 P3d 851 (2002).

Here, petitioner argues that there were three sentencing options available: five years' prison; 36-months' probation as a 6-H under the sentencing guidelines; or a departure from the guidelines of a prison sentence of up to 18 months. ORS 161.610(4)(a); OAR 213-005-0008(1)(c); OAR 213-008-0005(1)(c). However, trial counsel argued at the sentencing hearing that the trial court's choices were only the five-year prison sentence or probation, contending that there were insufficient grounds for a departure sentence. The court sentenced petitioner to five years in prison. Petitioner takes issue with trial counsel's "all-or-nothing" strategy, arguing that effective counsel would have stipulated to a basis for a departure sentence, or otherwise made a tiered sentencing argument, resulting in less prison time than was imposed. In response, the superintendent argues that petitioner failed to prove that every attorney exercising reasonable professional skill and judgment would have made a tiered sentencing argument, and that trial counsel could reasonably believe that an all-or-nothing strategy would benefit petitioner.

The post-conviction court found that trial counsel's position during sentencing was strategic. That finding is supported by evidence in the record, including the declaration from trial counsel that he "elected to argue for probation rather than any prison sentence" and intentionally chose not to make the argument petitioner now advances as part of an informed strategic decision. "[S]trategic choices made after thorough investigation of law and facts relevant to

plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 US 668, 690, 104 S Ct 2052, 80 L Ed 674 (1984). To that end, counsel may reasonably use an "all-or-nothing" strategy. *Pereida-Alba v. Coursey*, 356 Or 654, 670, 342 P3d 70 (2015). Such an approach may be ineffective if counsel failed to recognize an alternative, but counsel need not "consider every possible tactical choice." *Id.* Merely because a strategy has failed does not render such assistance constitutionally ineffective. *Krummacher*, 290 Or at 875.

Petitioner also argues that trial counsel failed to effectively argue mitigating factors at sentencing, including by failing to remind the court of what petitioner characterizes as a "remorseful" statement he made during a prior hearing. Petitioner suggests that the court did not remember the statement by the time sentencing occurred. The post-conviction court did not make findings regarding that argument; however, we presume that the facts were decided consistently with the conclusion that petitioner "failed to prove that trial counsel was inadequate *** regarding argument for mitigating factors." That conclusion is supported by the trial court's pointed critique of petitioner's statement after pronouncing the sentence.

Thus, we conclude that the arguments made at sentencing were based on reasonable strategic choices made by trial counsel. Because we conclude that petitioner's trial counsel's performance was not constitutionally deficient, we do not reach the issue of prejudice.

Affirmed.