No. 531 June 10, 2026 533

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ELRIC V. SHELBY,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV33767; A184910

Jenefer Stenzel Grant, Senior Judge.

Submitted May 7, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant. Elric Vincent Shelby filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals from a judgment denying post-conviction relief. In his underlying trial, petitioner was charged with eight counts in two indictments related to a shooting and theft of a firearm. Petitioner raises three counseled and five *pro se* assignments of error, including multiple ineffective assistance of counsel claims and a prosecutorial misconduct claim. We affirm.

We review a post-conviction court's grant or denial of relief for legal error, accepting the court's implicit and explicit factual findings if there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to post-conviction relief for an ineffective or inadequate assistance of counsel claim under the state and federal constitutions, petitioner must demonstrate both that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing inadequate/ineffective assistance of counsel claims are "functionally equivalent").

In his first assignment of error, petitioner argues that his trial counsel was ineffective for failing to object when the state moved *in limine* to exclude evidence that people associated with the shooting victim had previously broken into petitioner's home, damaged his truck, and maced him. Petitioner contends that, because "[w]hen a defendant raises the defense of self-defense, evidence of the alleged victim's prior violent acts toward the defendant is admissible under OEC 404(1)," that evidence would have been admissible, and trial counsel was therefore ineffective for failing to object. *State v. Beisser*, 258 Or App 326, 334, 308 P3d 1121 (2013). As a preliminary matter, petitioner's argument that the victim was present during or involved with the prior acts is unpreserved. As to the argument that is preserved—that the victim associated with the perpetrators—petitioner does not identify any authority to support that the victim's *association* with perpetrators of prior violent acts against petitioner, rather than participation, is itself admissible. *See id*. (evidence of the *alleged victim's* prior violent acts toward

defendant are admissible under OEC 404(1)). As such, it is not clear that "all reasonable lawyers would have acted as the petitioner claims the lawyer should have." *Reed v. Kelly*, 311 Or App 397, 401, 488 P3d 824, *rev den*, 368 Or 637 (2021).

Regardless, petitioner was not prejudiced by counsel's failure to object because it would not have affected the outcome. A witness testified that he saw petitioner drive up to the victim, jump out of his truck holding a gun, and follow petitioner into the apartment complex. That witness then heard the victim say he wanted to be left alone, followed by three shots. That account corroborated the victim's account of events and undermined petitioner's self-defense argument. *See Derschon v. Belleque*, 252 Or App 465, 476-77, 287 P3d 1189 (2012), *rev den*, 353 Or 208 (2013) (affirming denial of post-conviction relief where there was "overwhelming evidence" such that the excluded evidence did not have a tendency to affect the result of the trial).

In petitioner's second and third assignments of error, he contends that trial counsel was ineffective for failing to object during sentencing to the state's arguments regarding aggravating and mitigating factors and the court's reliance on a subcategory fact that was not pled in the indictment— that the victim "did not substantially contribute to the commission of the attack by precipitating the attack." However, petitioner stipulated to that fact. In his jury trial waiver, petitioner agreed to "a sentencing cap of 120 months [and] [d]ismissal of [e]nhancement [n]otice except that [the] victim did not contribute to [the first-degree assault charge] and that [that charge] is a crime category 10." A crime category 10 for first-degree assault requires a finding that the "victim did not substantially contribute to the commission of the offense by precipitating the attack." OAR 213-017-0002(6); OAR 213-018-0020(1). As petitioner stipulated that the first-degree assault charge was a crime category 10, it was not unreasonable for counsel to fail to object to sentencing comporting with that stipulation.

Petitioner's remaining assignments of error are *pro se*.

In his fourth assignment of error, petitioner contends that his trial counsel was ineffective for moving for substitute

counsel the day before trial. The post-conviction court found that counsel withdrew because petitioner "was verbally abusive and threatening towards [her] to such a degree that [she] was instructed to withdraw by [the trial court judge]." As the record supports that finding, we are bound by it, *Green*, 357 Or at 312, and therefore, it was not unreasonable for counsel to withdraw at that point.

In his fifth assignment of error, petitioner contends the prosecutor engaged in misconduct by "vindictively revok[ing] [p]etitioner's bail when petitioner did not violate his release agreement." The post-conviction court found that the police report, relied on by the prosecutor, indicated that petitioner was in possession of a firearm during his release, violating his release agreement. The record supports that finding, and, as such, that the prosecutor did not engage in misconduct by alleging petitioner violated his release agreement.

In petitioner's sixth assignment of error, he contends that appellate counsel was ineffective for not assigning error on speedy trial grounds to the denial of petitioner's motion to dismiss when the state had been unable to proceed to trial due to the victim's unavailability. Petitioner relies on ORS 136.120(1), which provides that, "[i]f the defendant appears at the time set for trial and the prosecuting attorney is not ready and does not show sufficient cause for postponing the trial, the court shall dismiss the accusatory instrument unless the court determines that dismissal is not in the public interest." Petitioner contends that because the victim was unavailable, the state would have been unprepared for trial, and therefore, the motion to dismiss should have been granted.

In his declaration, counsel provided two reasons for not assigning error to the motion to dismiss based on the victims' unavailability. First, he did not believe that the factual record supported that the victim would have otherwise not appeared for trial. Second, he did not believe that the statute requiring dismissal applied in this case, as the delay was due to the withdrawal of defendant's counsel. The post-conviction court found appellate counsel's declaration credible and that his reasoning did not "reflect an absence or suspension of

professional skill and judgment." *Montez v. Czerniak*, 355 Or 1, 7, 322 P3d 487, *adh'd to on recons*, 355 Or 598, 330 P3d 595 (2014) (internal quotation marks omitted). We agree. Counsel could reasonably conclude that assigning error to the denial of the motion to dismiss would have had little chance of success, and therefore, the decision not to assign error was not a suspension of professional skill and judgment. *Hempel v. Palmateer*, 187 Or App 70, 74-75, 66 P3d 513 (2003); *cf. State v. Winnop*, 224 Or App 338, 343-44, 197 P3d 588 (2008) (determining trial court abused its discretion by dismissing under ORS 136.120 rather than postponing trial due to unavailability of prosecution's key witness).

In petitioner's seventh assignment of error, he argues that appellate counsel was ineffective for not raising an argument under the federal constitution when challenging the trial court's denial of his speedy trial motion. The "analysis of speedy trial claims under Article I, section 10 [of the Oregon Constitution], is the same as the analysis under the Sixth Amendment to the United States Constitution," except that the federal analysis additionally considers "whether the defendant raised a speedy trial claim below." *State v. Peterson*, 183 Or App 571, 576, 53 P3d 455 (2002). Because petitioner did not raise a speedy trial claim below, that additional factor would not weigh in petitioner's favor. Therefore, petitioner was not prejudiced by appellate counsel's failure to raise the federal claim.

In petitioner's eighth assignment of error,[1] he contends that the post-conviction court erred by denying petitioner's claim that the trial court violated his due process, equal protection, and fundamental fairness rights by raising his bail to $500,000 without a change in relevant circumstances. Assuming petitioner properly raised that claim, the trial court identified the new offense—possession of a firearm—as "a change in circumstances, to the extent that

---

[1] In petitioner's *pro se* brief, he refers to both his seventh and eighth assignments of error as challenging counsel's failure to raise a federal constitutional argument regarding his speedy trial claim. However, his arguments also challenge the post-conviction court's denial of the fourth claim in his petition—that the trial court violated his rights to due process, equal protection, and fundamental fairness by raising petitioner's bail to $500,000 when there had been no change in relevant circumstances. To the extent petitioner properly raised that argument, we address it as his eighth assignment of error.

the Court was unaware of [the attempted murder charge] when bail was previously addressed that morning." *See* ORS 135.285 ("If circumstances concerning the defendant's release change, the court, on its own motion or upon request by the district attorney or defendant, may modify the release agreement or the security release."). The post-conviction court did not err.

Affirmed.